749 So.2d 1251 (1999)
Demarcus JOHNSON a/k/a Sonny Jake Johnson, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01525-COA.
Court of Appeals of Mississippi.
November 16, 1999.
Rehearing Denied February 1, 2000.
*1252 Edward Dudley Lancaster, Houston, Attorney for Appellant.
Office of the Attorney General by Michael C. Moore, W. Glenn Watts, Attorneys for Appellee.
BEFORE KING, P.J., DIAZ, AND IRVING, JJ.
IRVING, J., for the Court:
¶ 1. On August 4, 1998, this Court reversed and remanded Johnson's conviction for aggravated assault on Joseph Pratt because we found Johnson's written confession was improperly induced. We specifically found, however, that on the facts presented, Johnson was not entitled to a lesser-included-offense instruction. Johnson v. State, 721 So.2d 650, 655 (Miss.Ct. App.1998) ("Johnson I"). Upon return to trial, Johnson again was convicted of aggravated assault and now appeals his conviction, raising the following issues which are stated verbatim from his brief
I. That a new trial in this matter should have been allowed due to the failure of the Court to allow a lesser included instruction, although requested by the defendant.
II. During the proceedings the counsel for the Defendant, upon the close of the case in chief of the State of Mississippi, moved for a directed verdict for failure to prove the elements of aggravated assault, and failure to prove corpus delicti due to there having been no pistol or bullet produced. This was overruled.
Finding no error, we affirm.

FACTS
¶ 2. On the night of December 26, 1995, Demarcus Johnson and Joseph Pratt were at Quinn's Pool Hall in Houston, Mississippi. While Pratt was outside the pool hall, Lavaras Yates came out and told Pratt that Johnson wanted to talk to him inside. When Pratt entered the club, Johnson approached *1253 him, and an argument ensued. According to Pratt, Yates pulled a pistol out of his coat, and consequently, the owner of the pool hall told them all to leave. Before Pratt could leave, he heard something pop. After he heard the pop, he turned around and found Johnson holding a gun up against Pratt's temple. Johnson said to him "If you don't leave, I'll blow your such and such brains out." At that point, Pratt pushed Johnson away, and they began to scuffle over the gun. Pratt stated that he fell to the floor, and before he could get up, Yates struck him three times with a pool stick causing him to fall again. Pratt testified that when he got up, he saw Johnson running towards him with the gun pointed at him and that Johnson then shot him in the leg. Pratt ran out of the pool hall and down the road. As he was running down the road, several shots were fired, and one struck him in his back.
¶ 3. Chris Harris and William Pickens, who were also at the pool hall on the night of December 26, testified for the State. Both Harris and Pickens testified to essentially the same events as did Pratt. They both testified that after Johnson and Pratt tussled over the gun, Johnson dropped the gun, picked it up and, while in sole control over it, shot Pratt twice, once in the knee and then again in the back.
¶ 4. Johnson's version of the facts, as might be expected, was different from the State's version. Johnson testified that he found the gun on the ground behind the pool hall and put it in his pocket. Johnson stated that Pratt entered the pool hall and asked Johnson where he was from. Johnson told Pratt that he was from Mantee; thereafter, Pratt told him that persons from Mantee were not allowed in the pool hall. Johnson testified that Pratt lifted a bar stool above Pratt's head as if he were going to strike Johnson with it; however, Pratt put the stool down without further incident. After Pratt put the stool down, Johnson saw Pratt put his hand in his pocket. In response, Johnson took the gun from his own pocket in order to scare Pratt. Thereafter, Johnson stated, they tussled over the gun, and the gun discharged, wounding Pratt. Johnson stated that at the time the gun discharged, both he and Pratt had their hands on the gun.

ANALYSIS OF THE ISSUES PRESENTED

I. Lesser-included-offense instruction.
¶ 5. Johnson argues that the trial court erred in not granting a lesser-included-offense instruction for simple assault. Miss.Code Ann. § 97-3-7(1) (Rev.1994) provides that:
A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm; and, upon conviction, he shall be punished by a fine of not more than Five Hundred Dollars ($500.00) or by imprisonment in the county jail of not more than six (6) months, or both.
Johnson argues that there was sufficient evidence to allow the jury to consider the issue of simple assault. The facts now are essentially the same as they were in Johnson I. See Johnson, 721 So.2d at 652. In Johnson I, we affirmed the trial court's ruling that a lesser-included-offense instruction on simple assault was not warranted by the evidence. Id. at 655. We stated that before a lessor-included-offense instruction is given it must be warranted by the evidence. Id. at 653. We concluded that a jury composed of reasonable minded persons could not have concluded that Johnson's act of introducing a deadly weapon into the altercation, pointing a gun in Pratt's face and engaging in a fight that led to the discharge of the gun was negligent conduct. Id. at 654.
¶ 6. Since no new facts were presented in the case before, we see no reason for *1254 changing the decision we reached on this issue when it was first presented in Johnson I. Accordingly, the trial court's ruling, that a lesser-included-offense instruction for simple assault was not warranted, is affirmed.

II. Directed verdict.
¶ 7. When reviewing challenges to the sufficiency of the evidence, the reviewing court considers all of the evidence, as to each element of the offense, in the light most favorable to the verdict. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). We will reverse only where, with respect to an element of the offense charged, the evidence is such that reasonable and fairminded jurors could only find the accused not guilty. Id.
¶ 8. Johnson argues that the trial court erred in refusing his request for directed verdict. Johnson contends that the State failed to prove corpus delicti due to the fact that no pistol or bullet was produced. Johnson also contends that criminal agency was proven by photographs that were erroneously introduced into evidence. Johnson states that the photographs were not introduced through the proper chain of custody, but instead introduced by the victim.
¶ 9. The corpus delicti is the body or the substance of a crime. Cotton v. State, 675 So.2d 308, 313 (Miss.1996). Corpus delicti contains two elements which must be proved beyond a reasonable doubt in order to show that a crime has actually been committed: (a) the existence of a certain act or result forming the basis of a criminal charge and (b) the existence of criminal agency as the cause of this act or result. Id. Corpus delicti is established where there is any corroborative proof that the crime charged has occurred. Id. at 314.
¶ 10. In the case at bar, Pratt testified to seeing Johnson aim a gun and shoot him in the leg. The State also produced two other witness, Harris and Pickens, who corroborated Pratt's testimony that Johnson shot him. Johnson also testified and admitted to introducing a gun into the conflict. Sufficient corroborative proof exists to establish that the crime of aggravated assault had been committed.
¶ 11. Further, the trial court did not err in allowing the introduction of the photographs. Before the photos were shown to the jury, Pratt was asked to show the bullet hole in his knee and the area of his back in which the bullet had entered. Pratt also was asked whether the photos "fairly and accurately" showed his bullet wounds, to which he answered in the affirmative. Clearly, Pratt knew whether the photos depicted his wounds. We find this claim lacking in merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE TO A TERM OF 20 YEARS IN THE MISSISSIPPI DEPARTMENT OF CORRECTION, WITH 8 YEARS SUSPENDED AND 5 YEARS POST RELEASE SUPERVISION ARE AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO CHICKASAW COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.